HENRY D. STONE & another *vs.* MICHAEL RUSSELL & another.

A poor debtor arrested on execution, who enters into a recognizance under *St.* 1857, *c.* 141, to deliver himself up within ninety days for examination and abide the final order of the magistrate, and does attend before the magistrate and is refused the oath, is not bound to surrender himself until the magistrate certifies such refusal upon the execution.

ACTION OF CONTRACT upon a recognizance entered into on the 6th of October 1857, before a master in chancery, under the *St.* of 1857, *c.* 141, by Russell as principal and the other defendant as' surety, reciting that Russell had been arrested on execution and did not desire to have any time fixed for his examination ; and conditioned that he should within ninety days deliver himself up for examination, giving notice to his creditor, as provided by that statute, " and make no default at any time fixed for his examination, and abide the final order of the magistrate thereon." The case was submitted to the decision of the court upon an agreed statement of facts, the substance of which is stated in the opinion.

*G. F. Verry,* for the plaintiffs.

*I. M. Barton & W. S. Davis*, for the defendants.

MERRICK, J.   The facts agreed to by the parties show no breach of the condition of the recognizance entered into by the defendants.   Upon the application of Russell, a time and place were fixed for his examination, of which he gave to the plaintiffs, his creditors, the notice required by law.   He attended at that time and place, and delivered himself up for examination, and was actually examined by the magistrate, who thereupon refused to admit him to the oath to be taken by poor debtors under the provisions of the first section of the statute.   The magistrate should, in pursuance of his adjudication, have annexed to the execution his certificate of such refusal; and then the debtor might have been conveyed to jail, there to be detained in custody until the execution should be paid, or he be released by the creditor or otherwise discharged by order of law.   *St.* 1857, *c.* 141, § 11.   But the magistrate made no such certificate; the execution was not there, nor had it ever been there; nor was there any officer present, by whom it could have been served.   The debtor was bound to do no more.   He had delivered himself up for examination; he had waited for a final order of the magistrate; he was ready to be taken on execution as soon as any such order should be made.   He made no default.   He had complied with all the requirements of the law. He was not bound to search for the officer or to make any efforts to find the execution; and he was entitled to be at large until he should be legally taken into custody.   *Jacot* v. *Wyatt*, 10 Gray, 236.

Instead of preparing a proper certificate of the determination, the magistrate, upon refusing to administer the oath of a poor debtor to Russell, informed him that he was free to go on his recognizance, and could again apply to take the oath before some other magistrate in seven days. In this he was mistaken. There 's no provision in the statute to that effect.   He should on the contrary have awarded a certificate of his refusal to the execution, which it was the duty of the plaintiffs to have had there if they desired further to enforce the process against the person of their debtor, and that would have been his final order

But that not having been done, and no attempt having been made to arrest the debtor and convey him to prison, he continued to be at large through no effort or default or misconduct of his own, but either through some error or omission of duty of other parties, or by the determination of the creditors not again to imprison him. In neither of these cases can the fact that he was not in custody be regarded as a breach of the condition, or forfeiture of the penalty, of the recognizance.

*Judgment for the defendants.*